IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRYAN DAVID GARDNER,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER<br><br>AND MEMORANDUM DECISION<br><br><br><br>Civil Case No. 2:16-CV-22 TC<br><br>Criminal Case No. 2:13-CR-16 TC |

  Mr. Bryan David Gardner, a federal prisoner, has filed a petition under 28 U.S.C. § 2255 to vacate his sentence. On February 1, 2013, he pled guilty to Possession of Child Pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B). The court sentenced him on August 6, 2013, to ten years in custody to be followed by lifetime supervision. Two days later, August 8, 2013, the final judgment was entered.

  Approximately two and a half years later, on January 7, 2016, Mr. Gardner filed this § 2255 petition to vacate. The following day, Mr. Gardner filed a motion to enlarge the time to file the § 2255 petition. The court denies both Mr. Gardner's motion to enlarge time and his § 2255 petition because his motion to enlarge is without merit and his § 2255 petition is untimely.

  Under § 2255, Mr. Gardner had one year from the date on which the judgment of conviction became final to file his petition. 28 U.S.C. § 2255(f). One exception to that time

1

limitation is when the petitioner can establish the right to equitable tolling. "Equitable tolling of the limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" U.S. v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)).

Mr. Gardner did not file an appeal and so his conviction became final fourteen days after the expiration of time in which to take a direct criminal appeal, the time allowed under Rule 4(b) of the Federal Rules of Appellate Procedure. But Mr. Gardner waited until January 2016 to file a § 2255 petition.

As noted above, his petition was immediately followed by his motion for enlargement of time to file the otherwise time-barred pleading. In his motion for enlargement of time to file his § 2255 petition, Mr. Gardner contends that he did not know that the waiver in his statement in advance of plea of guilty precluded him only from challenging his sentence in a collateral motion and so the filing deadline should be equitably tolled. (Mot. Enlargement of Time at 2, ECF No. 4.) But at his change of plea hearing on February 2, 2013, this court, following its practice, carefully reviewed the plea agreement with Mr. Gardner, and Mr. Gardner stated, both orally and in the written document, that he understood the agreement. (Statement in Advance of Plea at 6, 2:13-cr-00016 (D. Utah) ECF No. 19 (there is no transcript of the hearing itself).) The court found that Mr. Gardner knew his legal rights and the consequences of his guilty plea, including his right to file a § 2255 petition. (See Minute Entry, 2:13-cr-00016 (D. Utah), ECF No. 18.) Accordingly, he has no valid argument for equitable tolling now.

Moreover, Mr. Gardner's arguments in his petition are without merit. He contends that

(1) the court lacks subject matter jurisdiction and personal jurisdiction to hear his criminal case; (2) Congress does not have authority to enact criminal laws; and (3) the prosecution cannot enforce the waiver of collateral review that was part of his plea agreement. His first two arguments are frivolous and the court need not discuss them. Looking at Mr. Gardner's third contention—that the prosecution cannot enforce his waiver of the right to file a collateral attack—the response is simple: the prosecution is not attempting to enforce his waiver.

## ORDER

For the foregoing reasons, Mr. Gardner's petition and all pending motions are DENIED.

DATED this 26th day of September, 2016.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge